the former decree under the doctrine of res adjudicata. "There is support for the contention that the company [i. e., defendant here] is estopped to urge that a defense which was excluded upon its objection was involved in the action and concluded by the judgment." Virginia-Carolina Co. v. Kirven, 215 U. S. 252, 259, 30 Sup. Ct. 78, 54 L. Ed. 179; Rose v. Hawley, 133 N. Y. 315, 31 N. E. 236.

I think it would be an unfortunate commentary upon our forms of procedure if the litigant can in effect be denied his day in court by judgment which is the result of his being driven from one court to another, as plaintiff has been. For the reasons stated, the judgment will be for the plaintiff with costs.

Judgment for plaintiff.

(174 App. Div. 855)

## KOHN v. HARRIS.

(Supreme Court, Appellate Division, First Department. June 9, 1916.)

DISMISSAL AND NONSUIT ☞60(3)—MOTION TO DISMISS FOR DELAY IN PROSECUTION.

Where no sufficient or satisfactory excuse is offered for delay in prosecuting an action, in opposition to defendant's motion to dismiss the complaint for failure to prosecute, the motion to dismiss will be granted.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 142; Dec. Dig. ☞60(3).]

Appeal from Special Term, New York County.

Action by Samuel Kohn against Moses H. Harris, sued as "Moe" H. Harris. From an order denying motion to dismiss complaint for failure to prosecute action, defendant appeals. Order reversed, and motion granted.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Albert R. Lesinsky, of New York City, for appellant.

Abraham P. Wilkes, of New York City, for respondent.

PER CURIAM. No sufficient or satisfactory excuse has been offered for the delay in prosecution. The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Order filed.

(173 App. Div. 373)

## GOETZ et al. v. SOLMS.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. PROCESS ☞96(1)—PUBLICATION—SUFFICIENCY OF AFFIDAVIT.

Under former Code Proc. § 135, providing that, where one on whom service of summons is to be made cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court, it may grant an order that the service may be made by publication of a summons in certain specified cases, an affidavit reciting that the deponent had made "diligent inquiry" for defendants, the owners of an equity of redemption after a judgment of foreclosure, but had been un-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes